FILED BY _MV_ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 JUN -7 PM 4: 14

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |
|---|---|
| EDGAR MCDANIEL, ) | |
| Plaintiff, ) | |
| vs. ) | Civ. No. <u>04-2667-B/P</u> |
| AMERICAN GENERAL FINANCIAL ) SERVICES, INC., ) | |
| Defendant. ) | |

### ORDER FOLLOWING HEARING DENYING PLAINTIFF'S
### MOTION FOR PROTECTIVE ORDER

Before the court is plaintiff's Motion for Protective Order, filed April 11, 2005 (dkt #42). In his motion, plaintiff asks the court to either prohibit or impose limits on the scope and manner in which the defendant deposes the plaintiff, based on plaintiff's mental condition. On April 22, 2005, defendant American General Financial Services, Inc., filed its response. On May 26 and June 3, 2005, the court held a hearing on the motion. Counsel for all interested parties were present and heard. On June 7, 2005, the court held a telephone conference with the parties, at which time the court, ruling from the bench, denied the motion for protective order for the following reasons:

A party seeking a protective order must show good cause and a specific need for protection. See Bucher v. Richardson Hosp.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6/13/05

Authority, 160 F.R.D. 88, 92 (N.D. Tex. 1994). The court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens. Id. A protective order prohibiting depositions are rarely granted, and a party seeking to quash a deposition in its entirety has a heavy burden of demonstrating good cause. Id. The movant must show a particular and compelling need for such an order. Id.

The court finds that the evidence presented by the plaintiff does not rise to the level of "extraordinary circumstances" necessary to prohibit the defendant from deposing plaintiff. See Id. The record before the court demonstrates that plaintiff is capable of discussing the events surrounding the transaction at issue in this lawsuit as well as his mental condition. Although the plaintiff has presented some medical evidence through Dr. Dale Foster that putting the plaintiff to adversarial proceeding, such as a deposition, might heighten his levels of anxiety and depression, this evidence does not establish that the plaintiff will be irreparably harmed by a deposition. Dr. Foster, in his report, states that plaintiff "may have lost his sense of purpose in life and considered self-harm or suicide." At the June 3 hearing, Dr. Foster further stated that he believes a deposition in which plaintiff is confronted by defense counsel with inconsistencies in his testimony could increase the possibility that plaintiff may have suicidal thoughts. The court finds,

however, that implementing procedural safeguards similar to the safeguards set forth in <u>Bucher</u> will adequately protect the plaintiff while at the same time providing the defendant with a fair opportunity to defend the case. Therefore, the plaintiff's deposition will be taken under the following conditions: (1) the deposition shall take place at a location selected by the plaintiff; (2) only defense counsel will be allowed to attend the deposition on behalf of the defendant; (3) the plaintiff may have his therapist or psychologist present at the deposition; (4) the plaintiff may take breaks after each hour of questioning; and (5) counsel shall refrain from tactics calculated to confuse, annoy, harass, or imply doubt regarding the veracity of the witness.

Plaintiff's arguments that his psychologist should be allowed to screen questions or that plaintiff be allowed to provide written responses are not well-taken, for the reasons set forth in <u>Bucher</u>.

IT IS SO ORDERED.

*[signature]*
TU M. PHAM
United States Magistrate Judge

June 7, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 60 in case 2:04-CV-02667 was distributed by fax, mail, or direct printing on June 13, 2005 to the parties listed.

---

Kristen C. Wright
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

John C. Speer
BASS BERRY & SIMS PLC
100 Peabody Place
Ste. 900
Memphis, TN 38103

Sapna V. Raj
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Mary Katherine Hovious
BASS BERRY & SIMS PLC- Memphis
100 Peabody Place
Ste. 900
Memphis, TN 38103

Bradley W. Eskins
ESKINS KING, PC
50 N. Front St.
Ste. 1170
Memphis, TN 38103

Webb A. Brewer
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT