IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

EDGAR McDANIEL,             )
                            )
    Plaintiff,              )
                            )
v.                          )
                            )     No. 04-2667 B/P
AMERICAN GENERAL FINANCIAL  )
SERVICES, INC., et. al.,    )
                            )
    Defendants.             )
_____

**REPORT AND RECOMMENDATION**
_____

Before the court is a Motion to Set Aside Default Judgment, filed on August 17, 2006, by defendants American Unicorn, Inc. d/b/a The Home Store and Hayse Nelson (collectively the "Nelson Defendants") (D.E. 141). Plaintiff Edgar McDaniel filed his response in opposition to the motion on August 28, 2006. Also related to this motion is McDaniel's Motion for Default Judgment, filed March 28, 2006 (D.E. 106). These matters were referred to the Magistrate Judge for a report and recommendation. On August 30, 2006, the court held a hearing on the motion to set aside default judgment. Counsel for all parties were present and heard. The court heard testimony from Hayse Nelson. For the reasons below, the court recommends that the Nelson Defendants' Motion to Set Aside Default Judgment be GRANTED. The court further recommends that McDaniel's Motion for Default Judgment be DENIED.

## I.   PROPOSED FINDINGS OF FACT

This lawsuit arises from a home improvement loan transaction entered into between McDaniel and American General Financial Services, Inc. ("American General") in September 2003, which was allegedly facilitated by defendant Hayse Nelson and his company, American Unicorn, Inc.  On August 27, 2004, McDaniel filed a complaint against American General and the Nelson Defendants alleging that, at the time McDaniel entered into the loan transaction, he was of diminished capacity and did not understand the nature or terms of the transaction, that the defendants misrepresented the nature and terms of the loan, and that the interest rate and fees associated with the loan were excessive. McDaniel alleged violations of the Real Estate Settlement Procedure Act, 12 U.S.C. § 2601 *et seq.*, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, and the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq*.  In addition, McDaniel asserted state law claims for fraud, conversion, and breach of fiduciary duty.[1]

The original complaint was served on American Unicorn on September 1, 2004, and on Nelson on August 31, 2004.  Neither of these defendants filed an answer or otherwise appeared in this case.  As a result, McDaniel moved for an entry of default against the Nelson Defendants on March 3, 2006, and the Clerk of Court

---

[1] McDaniel filed an amended complaint on March 28, 2006.

entered default on March 6, 2006. On March 28, 2006, McDaniel filed a motion for default judgment. On March 30, 2006, the District Judge entered an order referring to the Magistrate Judge McDaniel's motion for default judgment for a report and recommendation regarding damages and other fees sought by McDaniel.

The court set a hearing on damages for July 11, 2006. At McDaniel's request, the hearing was reset to August 15, 2006. On August 15, counsel for the Nelson Defendants, Arch B. Boyd, contacted McDaniel's attorneys and informed them that the Nelson Defendants just learned about the entry of default and the hearing on damages on August 14, 2006, when counsel for American General notified Boyd via facsimile about the August 15 hearing. On August 15, the parties called the undersigned Magistrate Judge, at which time the Nelson Defendants stated that they intended to immediately file a motion to set aside the entry of default. The parties on the conference call asked the court for a continuance of the hearing on damages until such time that the court decides the motion to set aside entry of default.

The Nelson Defendants filed a motion styled Motion to Set Aside Default Judgment on August 17, 2006. McDaniel filed his response in opposition on August 28. At the August 30 hearing, McDaniel presented evidence that American Unicorn was served with the complaint on September 1, 2004, and Hayse Nelson was served on August 31, 2004. Nelson testified that he had been in contact with

McDaniel's attorneys before the complaint was filed in an effort to settle the case.  He further testified that American Unicorn's office had relocated while this case was pending, and that he never received case-related materials mailed to him by McDaniel.

## II.  PROPOSED CONCLUSIONS OF LAW

Although the Nelson Defendants' motion is styled a Motion to Set Aside Default Judgment, since a judgment was not entered in connection with the Clerk's entry of default, the court will treat this motion as a motion to set aside entry of default under Federal Rule of Civil Procedure 55(c).[2]  That rule authorizes the court to set aside an entry of default for "good cause shown." Fed. R. Civ. P. 55(c).  To determine whether good cause exists, the court must consider (1) whether the defendant's culpable conduct led to the entry of default; (2) whether the defendant has a meritorious claim or defense; and (3) whether the plaintiff would be prejudiced if default was set aside.  <u>United Coin Meter Co., Inc. v. Seaboard</u>

---

[2]This distinction is important, as the Sixth Circuit has noted:

> [A] stricter standard applies for setting aside a default once it has ripened into a judgment.  When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the "good cause shown" standard.  But once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation.

<u>Waifersong, Ltd. Inc. v. Classic Music Vending</u>, 976 F.2d 290, 292 (6th Cir. 1992).

Coastline R.R., 705 F.2d 839, 845 (6th Cir. 1983); Kirby v. Memphis Security Co., No. 01-CV-151, 2003 WL 22509412, at *1 (E.D. Tenn. Nov. 5, 2003) (unpublished).[3]

"When asked to set aside an entry of default, a court considers the first factor, defendant's culpability, in the general context of determining whether a petitioner is deserving of equitable relief." Waifersong, 976 F.2d at 292. To be considered culpable, "the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." Thompson v. American Home Assurance Co., 95 F.3d 429, 433 (6th Cir. 1996) (quoting INVST Financial Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 399 (6th Cir. 1987)). A defendant is not guilty of culpable conduct for an "honest mistake," but rather for "willful misconduct, carelessness or negligence." Ellingsworth v. Chrysler, 665 F.2d 180, 185 (7th Cir. 1981); Demetric Rice v. Mark IV Automotive, No. 01-1255, 2002 U.S. Dist. LEXIS 13621, at *6 (W.D. Tenn. June 4, 2002) (unpublished).

"To establish a meritorious defense, defendants must show 'a hint of a suggestion creating some possibility that the outcome of trial will be contrary to the result achieved by the default.'"

---

[3] Although United Coin involved a Rule 60(b) motion to set aside default judgment, rather than a Rule 55(c) motion to set aside entry of default, the court stated that "the three factors [] should be applied in both situations." Id. at 845.

Valvoline Instant Oil Change Franchising, Inc. v. Autocare Assocs., Inc., 173 F.3d 857, at **4 (6th Cir. 1999) (unpublished table disposition) (quoting Smith v. Comm'r of Internal Revenue, 926 F.2d 1470, 1482 (6th Cir. 1991)).

Finally, regarding the prejudice factor, "[m]ere delay in satisfying a plaintiff's claim . . . is not sufficient to require denial of a motion to set aside judgment." Id. at 845; see also INVST Financial Group, 815 F.2d at 398 (finding no prejudice when a defendant filed an answer only one month prior to the discovery deadline; "it must be shown that delay will result in loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."). A defendant need not satisfy all three prongs of the United Coin test in order to have entry of default set aside.

Regarding the first factor, the court submits that the Nelson Defendants were culpable in causing the Clerk's entry of default against them in this case. It is undisputed that these defendants were properly served with the complaint and were aware of the claims against them. Although American Unicorn's office relocated at some time during this litigation, this change of address alone does not excuse or justify their failure to answer the complaint. The Nelson Defendants have offered the court no other explanation for their failure to answer. Thus, the court concludes that the Nelson Defendants knowingly and purposefully failed to respond to

McDaniel's complaint and that this failure was not the result of an honest mistake.

Taking into consideration the second and third factors of the <u>United Coin</u> test, however, the court submits that the entry of default should be set aside. According to the amended complaint, the claims under Federal and Tennessee law against the Nelson Defendants are identical to the claims against American General. On August 30, 2006, the court granted American General's motion for summary judgment with respect to all of McDaniel's federal claims.[4] Since the theories of liability against the Nelson Defendants mirror those brought against American General, it appears that there is at least some possibility that the outcome of trial will be contrary to the result achieved by the default. Moreover, there is no indication that delay will "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud or collusion." <u>INVST Financial Group</u>, 815 F.2d at 398; <u>Davis v. Musler</u>, 713 F.2d 907, 916 (2d Cir. 1983). Thus, McDaniel has not shown that he will be prejudiced if the court vacates the Clerk's entry of default. The court submits that the public policy favoring trials on the merits, coupled with the Nelson Defendants' meritorious defenses and the lack of prejudice to McDaniel, warrants that the entry of default be vacated.

---

[4]The court also dismissed without prejudice McDaniel's state law claims.

### III. RECOMMENDATION

For the reasons above, the court recommends that the Nelson Defendants' Motion to Set Aside Default be GRANTED, and McDaniel's Motion for Default Judgment be DENIED.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 6, 2007
Date

### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN TEN (10) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**