IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EDGAR MCDANIEL,

    Plaintiff,

v.  No. 04-2667 B

AMERICAN GENERAL FINANCIAL
SERVICES INC., AMERICAN UNICORN,
INC. d/b/a HOME STORE COMPANY,
TRI-STATE TITLE & ESCROW and
HAYSE NELSON,

    Defendants.

_____

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 59(e) AND 60(b)
_____

The Plaintiff, Edgar McDaniel, filed the instant action against the Defendant, American General Financial Services, Inc. ("American General"),[1] on August 27, 2004, arising from a mortgage loan transaction. In his Complaint, McDaniel alleged that the Defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, the Real Estate Settlement Procedure Act

---

[1] American Unicorn, Inc. d/b/a Home Store Company ("American Unicorn"), Tri-State Title and Escrow, and Hayes Nelson were also named as Defendants in this action. On January 7, 2005, a stipulation of dismissal was entered dismissing Defendant Tri-State Title and Escrow. On March 6, 2006, the clerk, upon motion, filed an entry of default against American Unicorn and Nelson, and on March 30, 2006, McDaniel submitted a motion for default judgment against the two Defendants. On August 17, 2006, American Unicorn and Nelson filed a motion to set aside the entry of default. Both the motion for default judgment and the motion to set aside the entry of default were referred to the magistrate judge for report and recommendation. On February 6, 2007, the magistrate judge issued his report, recommending that the motion to set aside the entry of default be granted and the motion for default judgment be denied. On March 2, 2007, this Court adopted the magistrate judge's report and recommendations.

("RESPA"), 12 U.S.C. § 2601 et seq., and the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101 et seq. In addition, McDaniel asserted state law claims for fraud, conversion and breach of fiduciary duty. On August 30, 2006, the Court entered an order granting American General's motion for summary judgment on the federal claims and dismissing the remaining state law claims without prejudice. Before the Court is the motion of the Plaintiff for reconsideration of that order pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion of the Plaintiff is DENIED.

In the order granting American General's motion for summary judgment, the Court deemed as admitted the Defendant's statement of undisputed material facts based upon McDaniel's failure to file a response either admitting or denying those facts as required by the Federal Rules of Civil Procedure, Fed. R. Civ. P. 56, and the Local Rules of the United States District Court for the Western District of Tennessee, L.R. 7.2(d)(3). See (Order Granting Def.'s Mot. Summ. J., Aug. 30, 2006, at 2 n.2). In support of his motion for reconsideration, McDaniel submits the declaration of Sapna V. Raj, one of the attorneys representing him in this case. In the declaration, Raj states that she believed she had filed McDaniel's response to American General's statement of undisputed material facts when she submitted his response to the motion for summary judgment. (Declaration of Sapna V. Raj ¶¶ 5-7). Counsel claims her failure to file this document through this Court's electronic docketing system constituted mistake, inadvertence, or excusable neglect. Thus, she asks this Court to correct her error in the interests of justice by vacating the August 30, 2006 order and consider whether McDaniel's response to the statement of undisputed material facts creates a genuine issue of material fact for trial.

> The purpose of a motion to alter or amend judgment under Fed. R.
> Civ. P. 59(e) is to have the court reconsider matters properly

> encompassed in a decision on the merits. This rule gives the district court the power to rectify its own mistakes . . . . Generally, three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.

Sherwood v. Royal Ins. Co. of Am., 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (internal citations and quotation marks omitted). The decision of whether to grant a Rule 59(e) motion lies within the discretion of the trial court. Intera Corp. v. Henderson, 428 F.3d 605, 619-20 (6th Cir. 2005). "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996) (citations and internal quotation marks omitted). Relief under Rule 59(e) has been characterized as an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Id. at 685. "Such a motion is appropriate, however, when the court has patently misunderstood a party and has made a decision outside the adversarial issues presented, or has made a mistake, not of reasoning, but of apprehension." Id. at 686.

Rule 60(b) permits the court, "upon such terms as are just," to relieve a party from a final judgment or order for

> (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b)(1), (6). A Rule 60(b) motion may only be granted for one of the specifically enumerated reasons. Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 268 (6th Cir. 1998), reh'g and suggestion for reh'g en banc denied (May 22, 1998).

In his motion, the Plaintiff argues that he is entitled to relief under Rule 59(e) in order to prevent "manifest injustice." He asserts that the premise for his motion under Rule 60(b) is founded upon his counsel's mistake, inadvertence, or excusable neglect or for "any other reason justifying relief. . . . ." The Court disagrees.

> As applied to Rule 59(e), no general definition of manifest injustice has ever been developed; courts instead look at the matter on a case-by-case basis. Torre v. Federated Mutual Ins. Co., 906 F. Supp. 616, 619 (D. Kan. 1995) (unsubstantiated assertion could not lead to a finding of manifest injustice); Attorney Registration & Disciplinary Com. of Supreme Court v. Betts, 157 B.R. 631 (Bankr. N.D. Ill. 1993) (mere disagreement with court's findings does not rise to level of manifest injustice). What is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.

In re Bunting Bearings Corp., 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004). As found in Black's Law Dictionary, a manifest injustice is defined as "'[a]n error in the trial court that is direct, obvious and observable such as a defendant's guilty plea that is involuntary . . . .'" In re Looper, 2007 WL 1725251, at *2 (Bankr. E.D. Tenn., June 12, 2007) (quoting Black's Law Dictionary 974 (7th ed. 1999)). Counsel for the Plaintiff has not met any of these criteria in seeking reliance upon Rule 59(e).

A motion under Rule 60(b)(1) is

> intended to provide relief to a party in only two instances: (1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.

Cacevic v. City of Hazel Park, 226 F.3d 483, 490 (6th Cir. 2000) (citation omitted). Several courts have held that attorney negligence is not an excusable litigation mistake. See, e.g., Universal Film

4

Exchanges, Inc. v. Lust, 479 F.2d 573, 576 (4th Cir. 1973); Smith v. Stone, 308 F.2d 15, 18 (9th Cir. 1962); cf. Link v. Wabash R.R. Co., 370 U.S. 626, 635-36, 82 S. Ct. 1386 (1962); see also Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984) ("The failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect."); accord Cacevic, 226 F.3d at 490-91 (applying Kendall).  Further, Rule 60(b)(6) has been held to apply "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule . . . because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b)."  McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 592 (6th Cir. 2002) (emphasis added).  Because Rule 60(b)(1) covers the asserted basis for relief, McDaniel cannot employ the catch-all provision contained within subsection (6).  Id.

As pointed out in its response to the instant motion, on July 24, 2006, American General filed a reply to the Plaintiff's response to its motion for summary judgment in which it stated the following:

> Plaintiff did not even file a separate response to American General's Statement of Undisputed Material Facts (the "Statement") as required by the Local Rules of the United States District Court for the Western District of Tennessee, LR 7.2(d)(3), and did not respond to American General's numbered factual designations as set forth in the Statement. Moreover, Plaintiff failed to affix to his Response any portions of the record on which he relies as evidence of his assertion that genuine issues of fact remain.

(Def.'s Reply to Pl.'s Resp. to Def.'s Mot. Summ. J. at 1-2).  The Court notes that this reply was filed one month and six days before the Court entered its order granting American General's motion for summary judgment.  At no point prior to the entry of the order did counsel for McDaniel request leave to amend to include a response to the defendant's statement of undisputed material facts.  See

5

Fed. R. Civ. P. 6(b)(2) ("[T]he court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .")

Plaintiff's counsel was neglectful in (1) failing to respond to American General's factual designations, and (2) following the omission being pointed out to her, not requesting the Court for leave to amend her response. The Plaintiff has not persuaded this Court her inactions constitute excusable neglect or mistake under Rule 60(b)(1). As has been determined by the courts, the failure to file an appropriate response to a dispositive motion or to seek an extension of time to file a response is "inexcusable neglect." See Kendall, 751 F.2d at 175.

Based on the foregoing, the motion to reconsider pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED this $17^h$ day of July, 2007.

> s/ J. DANIEL BREEN
> UNITED STATES DISTRICT JUDGE