IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

EDGAR MCDANIEL,

    Plaintiff,

v.                                                                                   No. 04-2667 B

AMERICAN GENERAL FINANCIAL
SERVICES INC., AMERICAN UNICORN,
INC. d/b/a HOME STORE COMPANY,
TRI-STATE TITLE & ESCROW and
HAYSE NELSON,

    Defendants.

_____

ORDER DENYING DEFENDANT AMERICAN GENERAL FINANCIAL SERVICES, INC.'S
MOTION FOR ENTRY OF FINAL JUDGMENT AND SETTING DATE FOR STATUS
CONFERENCE
_____

The Plaintiff, Edgar McDaniel, filed the instant action against the Defendant, American General Financial Services, Inc. ("American General"),[1] on August 27, 2004, arising from a mortgage loan transaction. In his Complaint, McDaniel alleges that the Defendant violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. §

---

[1] American Unicorn, Inc. d/b/a Home Store Company ("American Unicorn"), Tri-State Title and Escrow, and Hayes Nelson were also named as Defendants in this action. On January 7, 2005, a stipulation of dismissal was entered dismissing Defendant Tri-State Title and Escrow. On March 6, 2006, the clerk, upon motion, filed an entry of default against American Unicorn and Nelson, and on March 30, 2006, McDaniel submitted a motion for default judgment against the two Defendants. On August 17, 2006, American Unicorn and Nelson filed a motion to set aside the entry of default. Both the motion for default judgment and the motion to set aside the entry of default were referred to the magistrate judge for report and recommendation. On February 6, 2007, the magistrate judge issued his report, recommending that the motion to set aside the entry of default be granted and the motion for default judgment be denied. On March 2, 2007, this Court adopted the magistrate judge's report and recommendations.

2601 et seq., and the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. § 47-18-101 et seq. In addition, McDaniel asserts state law claims for fraud, conversion and breach of fiduciary duty. On August 30, 2006, the Court entered an order granting American General's motion for summary judgment on the federal claims and dismissing the remaining state law claims without prejudice. On September 13, 2006, the Plaintiff filed a motion for reconsideration of that order pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.[2] Before the Court is the September 14, 2006 motion of American General for entry of final judgment pursuant to Rule 54(b). For the reasons set forth below, the motion for entry of final judgment is DENIED.

Rule 54(b) provides,

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added).

The Sixth Circuit has stated that "Rule 54(b) was designed to facilitate the entry of an order of final judgment in a multi-claim/multi-party action where the parties demonstrated a need for

---

[2] By order entered on July 17, 2007, the Court denied the Plaintiff's motion for reconsideration of its dismissal of Defendant American General.

making review available on some of the claims or parties before entry of final judgment as to all." Coal. for Equitable Minority Participation in Architectural Contracts in Tenn. v. Metro. Gov't of Nashville and Davidson County, Tenn., 786 F.2d 227, 230 (6th Cir.1986) (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 432, 76 S. Ct. 895, 897-98 (1956)); accord Liberte Capital Group v. Capwill, 321 F. Supp. 2d 899, 900-01 (N.D. Ohio 2004).  Rule 54(b) was adopted as "a response to the need created by the liberal joinder provisions of the Federal Rules of Civil Procedure to revise what should be treated as a judicial unit for purposes of appellate jurisdiction." Corrosioneering v. Thyssen Envtl. Sys., 807 F.2d 1279, 1282 (6th Cir.1986) (citation omitted).  Rule 54(b) "attempts to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties."  Id.  (citations omitted).

In this case, Defendant American General, was granted summary judgment and has made no indication of its intention to appeal that decision.  This Defendant argues that it should be granted an entry of judgment as there are no claims remaining against it in this forum and there is no just reason for delay.  However, as these cases demonstrate, a Rule 54(b) entry of final judgment to fewer than all of the claims or parties in a case is based on the need to expedite appellate review.  As American General has presumably no intent to appeal, its motion pursuant to Rule 54(b) for an entry of final judgment is DENIED.

According to the Court's docket, the only remaining Defendants in this case are American Unicorn and Hayes Nelson.  See supra at 1 n.1.  Since the adoption by the Court of the magistrate judge's report in March 2007, recommending that the entry of default be set aside, there has been no apparent activity by the remaining parties.  Therefore, the Court sets a status conference in this matter for July 24, 2007 at 2:00 p.m. for the Plaintiff and the two Defendants noted herein.

IT IS SO ORDERED this 17$^h$ day of July, 2007.

            s/ J. DANIEL BREEN
            UNITED STATES DISTRICT JUDGE